UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CASE NO.: 8:25-cv-03088**

JESSICA RIVERA, as
Personal Representative of the
Estate of JESSIRAM HWEIH RIVERA, on
behalf of the Estate, and on behalf of
survivor JESSICA RIVERA, individually,

       Plaintiffs,

v.

GRADY JUDD, in his official capacity, as
SHERIFF of POLK COUNTY, a State Entity of
the State of Florida; and SEAN SPEAKMAN, in
his individual capacity,

       Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

PLAINTIFFS, JESSICA RIVERA, as personal representative of the Estate of JESSIRAM HWEIH RIVERA, on behalf of the Estate and on behalf of survivor JESSICA RIVERA (collectively, "Plaintiffs"), by and through the undersigned counsel, hereby sues GRADY JUDD, sheriff of Polk County Florida, and SEAN SPEAKMAN (collectively, "Defendants"), and alleges the following in good support of this Complaint.

## NATURE OF THE ACTION

1. This is a 42 U.S.C. § 1983 federal civil rights case, under the Fourth and Fourteenth Amendments of the United States Constitution, as applied to the States under the United States Constitution's Fourteenth Amendment for the Defendants' malicious, and unlawful violations, under color of state law, of Plaintiffs' constitutional rights to be free from excessive use of force.

2. Defendants committed these violations of Ms. Hweih's federal and state rights, under color of state law, negligently, or with bad faith, malicious purpose, or wanton, and willful disregard for Ms. Hweih's human safety. Plaintiffs note that Defendants' conduct, at issue in this Complaint, was negligent, intentional, or both.

## JURISDICTION AND VENUE

3. Ms. Rivera brings this action under 42 U.S.C. §§ 1983 and 1988 against Grady Judd and Sean Speakman. Further, actions against Defendants, Grady Judd, and Sean Speakman, arise under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3) (civil rights); and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. All incidents material to this action occurred in Polk County, Florida. Defendants' primary employment is in this district and division, and all Defendants committed these violations, in Polk County. Venue is proper in The Tampa Division of the Middle District of Florida, pursuant to 28 U.S.C. §1391(b) and. Loc. R. 1.02 (c).

## PARTIES

5. At all times material to this action, the Decedent, JESSIRAM HWEIH RIVERA ("MS. HWEIH"), was a citizen of the United States of America, living in Winter Haven, Polk County, Florida.

6. Plaintiff, JESSICA RIVERA ("MS. RIVERA"), is a natural resident of Winter Haven, Polk County, Florida, and the natural mother of Decedent ("MS. HWEIH"). MS. RIVERA is entitled to maintain a cause of action on behalf of MS. HWEIH'S survivors and is entitled to recovery under Florida Statutes §§ 768.16–768.21.

7. Defendant, GRADY JUDD ("JUDD"), is the sheriff of Polk County, a governmental entity of the State of Florida, created pursuant to the laws of the State of Florida. Defendant JUDD is responsible for operating and supervising the deputy sheriffs of Polk County, including SEAN SPEAKMAN ("SPEAKMAN").

8. At all times material hereto, Defendant SPEAKMAN acted through JUDD, as manager and policy maker, of Polk County Sheriff's Office ("PCSO"). MS. RIVERA sues JUDD, in his official capacity.

9. At all times material, PCSO employed Defendant SPEAKMAN. At all times material hereto, Defendant JUDD, supervised, controlled, and oversaw Defendant SPEAKMAN. MS. RIVERA sues SPEAKMAN, in his individual capacity.

10. The above-named Defendants are jointly and severally liable for all damages alleged herein since their negligent, grossly negligent, reckless, and wanton acts and omissions, singularly or in combination, are a direct and proximate cause of Plaintiff's damages, injuries and losses.

## FACTUAL ALLEGATIONS

11. The Polk County Sheriff's Office is a Polk County law enforcement agency located solely within the Middle District of Florida.

12. Polk County has its own rules of governance, policies, and procedures.

13. JUDD is the sheriff of Polk County and is responsible for the rules of governance, policies, and procedures, of Polk County.

14. Plaintiff, MS. RIVERA, on behalf of the Estate and on her behalf as a survivor, sues Defendant JUDD, in his official capacity for the actions of Defendant SPEAKMAN, who at all times material, was JUDD'S employee under JUDD'S supervision.

15. SPEAKMAN at all times material, were government actors, and as such the United States Constitution governs their individual and collective actions when acting on JUDD'S behalf.

16. JUDD'S formal and informal policies, written or unwritten, allowed, encouraged or enabled SPEAKMAN, to violate MS. HWEIH'S clearly established rights, afforded to her, under the United States Constitution.

17. Further, JUDD'S formal and informal policies, written or unwritten, allowed, encouraged or enabled SPEAKMAN, to violate MS. HWEIH'S clearly established individual state rights, afforded to her, under the constitution of the State of Florida.

18. Furthermore, SPEAKMAN did violate MS. HWEIH'S clearly established constitutional rights, MS. HWEIH'S individual state rights, and commit tortious violations, against MS. HWEIH.

19. On or about November 11, 2021, SPEAKMAN observed MS. HWEIH, at the intersection of Rifle Range and Noles Lane, in Winter Haven, Florida, at approximately 15:41.

20. SPEAKMAN, allegedly wearing his agency issued class B uniform, accosted MS. HWEIH.

21. MS. HWEIH walked away, from SPEAKMAN.

22. MS. HWEIH allegedly picked up a shovel, as she walked away, from SPEAKMAN, and struck a log, with the shovel.

23. SPEAKMAN continued to follow MS. HWEIH, until MS. HWEIH, from more than several feet away, allegedly turned toward SPEAKMAN.

24. MS. HWEIH, then, allegedly approached SPEAKMAN, with the shovel blade, above her right shoulder, and aimed away from SPEAKMAN.

25. There were no people near MS. HWEIH.

26. SPEAKMAN, then, though equipped with less than lethal alternatives, unreasonably drew his agency issued handgun, and aimed it at MS. HWEIH.

27. After SPEAKMAN unreasonably drew his agency issued handgun, he had ample time to consider alternatives to his unreasonable use of deadly force, because he had enough time to order MS. HWEIH to drop the shovel—multiple times.

28. Similarly, after SPEAKMAN unreasonably drew his agency issued handgun, he had ample time to consider alternatives to his unreasonable use of deadly force, because SPEAKMAN he had enough time to allow MS. HWEIH to walk toward him, from several feet away, until she was within several feet of him.

29. After for MS. HWEIH to allegedly get within striking distance, SPEAKMAN unreasonably shot MS. HWEIH, at least four times.

30. One of the shots that SPEAKMAN fired, from his agency issued handgun, entered MS. HWEIH'S mid-back area, punctured her lung, and pierced the edge of her heart, causing her to bleed out internally.

## COUNT I
(42 U.S.C. § 1983 Fourth Amendment Violation against SPEAKMAN, Individually, for Excessive Force)

31. MS. RIVERA re-alleges the facts in paragraphs one through thirty, as if fully set forth herein.

32. On November 11, 2021, MS. HWEIH had the right, under the Fourth Amendment of the United States Constitution, to be free from the use of excessive force, by law enforcement officers.

33. SPEAKMAN was not in imminent danger, from MS. HWEIH, when he drew his agency issued handgun, and aimed it at MS. HWEIH, because MS. HWEIH was more than several feet away from him, at that time.

34. SPEAKMAN was not in imminent danger, from MS. HWEIH, when he drew his agency issued handgun, and aimed it at MS. HWEIH, because he had ample time to order MS. HWEIH to drop shovel multiple times, before MS. HWEIH was within several feet of him.

35. If there was any danger, at all, in the encounter, between SPEAKMAN, and MS. HWEIH, SPEAKMAN created that danger, by unreasonably allowing MS. HWEIH, to approach SPEAKMAN, with a shovel that SPEAKMAN believed

dangerous, until MS. HWEIH was allegedly close enough to SPEAKMAN, with that shovel, to place SPEAKMAN in such fear of for his life, he resorted to the use of deadly force, against the shovel.

36.     SPEAKMAN, under color of law, and while employed by Defendant, JUDD, as a law enforcement officer, showed deliberate indifference to that right and violated MS. HWEIH's clearly established, Constitutional right to be free from the use of excessive force, by law enforcement officers, when he, unreasonably, and unlawfully, shot and killed MS. HWEIH.

37.     SPEAKMAN intentionally, knowingly, and maliciously committed these acts with bad faith, malicious purpose, or wanton and willful disregard, for MS. HWEIH'S human rights, safety, or property.

**WHEREFORE**, Plaintiff JESSICA RIVERA, demands judgment for damages against Defendant, SEAN SPEAKMAN, Individually, including compensatory and punitive damages, costs of this action, attorney's fees and such further and other relief as the Court may deem just and appropriate.

### COUNT II
(State Tort of Respondeat Superior/Vicarious Liability against Defendant, JUDD, in his Official Capacity)

38.     MS. RIVERA re-alleges the facts in paragraphs one through thirty, as if fully set forth herein.

39.     This is a cause of action for respondeat superior/vicarious liability, against Defendant, JUDD, for damages, exclusive of costs and attorney's fees.

40. On November 11, 2021, SPEAKMAN was an employee of Defendant, JUDD, and at all times acted under the color of State law.

41. On November 11, 2021, SPEAKMAN'S unreasonable shooting, and killing, MS. HWEIH occurred substantially within time and space limits authorized by Defendant, JUDD.

42. Further, on November 11, 2021, SPEAKMAN'S unreasonable shooting, and killing, MS. HWEIH, was activated, at least in part, by a purpose to serve Defendant, JUDD.

43. Furthermore, on November 11, 2021, SPEAKMAN did not step aside from his employment, as a deputy for Defendant, JUDD, to unreasonably shoot, and kill, MS. HWEIH.

44. Based on the foregoing facts, on November 11, 2021, SPEAKMAN acted within in the course and scope of his employment, as a deputy for Defendant, JUDD, thus making Defendant, JUDD vicariously liable for any and all of SPEAKMAN'S intentional torts and any and all of SPEAKMAN'S negligent acts or omissions, in: 1) failing to prevent SPEAKMAN from unreasonably shooting, and killing, MS. HWEIH, and 2) failing to enforce Defendant, JUDD'S own policies and procedures.

45. Defendant, JUDD'S severely deficient supervisory protocols and practices led to SPEAKMAN unreasonably shooting, and killing, MS. HWEIH.

46. The severely deficient supervisory protocols and practices that led to SPEAKMAN unreasonably shooting, and killing, MS. HWEIH are the result of a

widespread policy or custom, of Defendant, JUDD, failing to properly investigate and supervise employees like SPEAKMAN, and overlooking information in the possession of, or easily obtainable by Defendant, JUDD, regarding his employees' unreasonable conduct.

47. As a result of Defendant, JUDD'S deficient supervisory protocols and practices, and widespread policy or custom failing to properly investigate and supervise employees, like SPEAKMAN, MS. RIVERA suffered damages which include inconvenience; loss of time; mental suffering; embarrassment; humiliation, disgrace and injury to her feelings and reputation; the emotional damage and reputational damage are continuing to this day and are likely to continue in the future.

**WHEREFORE**, for the foregoing reasons, JESSICA RIVERA demands this Court enter an award of damages against Defendant, JUDD, in his official capacity, for all damages allowed, by law, to include damages for MS. RIVERA'S pain, suffering, loss of enjoyment of life, embarrassment, inconvenience, mental anguish, and such other and further relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

JESSICA RIVERA demands trial by jury, on all issues so triable.

**Respectfully submitted,**
/s/ LIFE Malcolm
LIFE Malcolm, Attorney at Law
Florida Bar No.: 1030746
5004 E. Fowler Av., Suite F
Tampa, FL 33617-2181
Telephone: 813.810.3582
Facsimile: 813.807.7769
Service E-Mail: eservice@lifemalcolmlaw.com
Attorney for Plaintiffs